IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MITCH GOREE and )  | |
| JAMES WHERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-2147-STA-cgc |
| ) | |
| UNITED PARCEL SERVICE, INC., ) | |
| KEN HARMS, and JACK McDOWELL, ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**

Before the Court is Plaintiff Mitch Goree and James Wherry's Motion to Remand (D.E. # 4) filed on March 13, 2013. Defendants United Parcel Service, Inc. ("UPS"), Ken Harms, and Jack McDowell have responded in opposition (D.E. # 6). For the reasons set forth below, Plaintiffs' Motion is **GRANTED**.

**BACKGROUND**

Plaintiffs filed suit in the Circuit Court for Shelby County, Tennessee, on June 30, 2011, and filed an Amended Complaint on August 23, 2011. The Amended Complaint alleges that each Plaintiff is an African-American male employed by Defendant UPS. Plaintiffs allege that Plaintiff Goree was awarded a promotion in July 2010, subject to approval by Defendants Ken Harms and Jack McDowell. (Am. Compl. ¶¶ 5, 8.) In October 2010, UPS awarded the promotion to a lesser qualified, non-protected employee. (*Id.* ¶ 10.) Plaintiff Wherry opposed the decision to deny

Plaintiff Goree the promotion and was subsequently demoted. (*Id.* ¶¶ 11, 12.) Plaintiff Goree alleges that he was denied approval for the promotion in retaliation for a previous discrimination lawsuit he filed against UPS. (*Id.* ¶ 13.) Based on these factual allegations, Plaintiffs contend that Defendants have retaliated against them in violation of the Tennessee Human Rights Act ("THRA").

On March 8, 2013, Defendants removed Plaintiffs' suit to this Court (Petition of Removal, D.E. # 1). According to Defendants, Plaintiff Goree testified in his deposition on February 20, 2013, that his claims in this suit include a claim for denial of short-term disability benefits by third-party administrator Aetna. Plaintiff Goree stated Defendant Harms, in his capacity as UPS district president "canceled Plaintiff Goree's insurance benefits and stopped his compensation in January 2011," resulting in Goree incurring $20,000 in out-of-pocket expenses. Plaintiff Goree testified that one element of damages he is seeking in this suit are his "medical expenses incurred because [his] short term disability benefits were denied as of January 2011." (Defs.' Mem. in Support of Removal 2.) Therefore, Defendants argue that the Employee Retirement Income Security Act ("ERISA") completely preempts Plaintiff Goree's claim for lost benefits, and federal jurisdiction over the claim exists under 28 U.S.C. § 1441(a).

On March 13, 2013, Plaintiffs filed the instant Motion to Remand. Plaintiffs first argue that Defendants' removal of this action was untimely due to the fact that Plaintiff Goree disclosed his claim for denied benefits in written discovery responses on September 9, 2011. As such, Defendants were on notice of the claim for benefits for more than a year before they filed their Petition for Removal. Plaintiffs next argue that Goree's deposition testimony at best only shows that Goree is seeking damages for a denial of benefits associated with Defendants' alleged acts of retaliation. ERISA does not completely preempt such a claim. Plaintiffs further contend that Aetna, and not

UPS, denied Plaintiff Goree's application for short-term disability, making UPS the wrong party to assert the claim as grounds for removal. Therefore, the Court should remand this matter to state court. In the alternative, Plaintiffs seek leave to voluntarily dismiss any claim over which the Court has original jurisdiction without prejudice. Plaintiffs have requested that in the event the Court grants their Motion to Remand, the Court also award Plaintiffs attorneys fees.

Defendants have responded in opposition to the Motion to Remand. Defendants maintain that Plaintiff Goree's claim for recovery of benefits due under an ERISA plan is completely preempted. Under the circumstances, the ERISA plan and Goree's claims for benefits owed under the terms of the plan is not "peripherally" related to Plaintiffs' THRA claims. Rather, the denial of benefits is a distinct, retaliatory act. As for the timeliness of the Petition for Removal, Defendants argue that Plaintiffs' 2011 discovery responses were insufficient to put Defendants on notice of the ERISA claim. Defendants assert that Goree's discovery response only stated that Defendant Harms "cancelled his insurance benefits due to Goree's race." (Defs.' Resp. in Opp'n 4.) Defendants also oppose Plaintiffs' request for voluntary dismissal. If the Court does allow Plaintiffs to take a voluntary nonsuit, Defendants request that the Court award them attorneys fees related to their Petition for Removal and in opposing remand. Defendants further oppose any award of attorneys fees for Plaintiffs.

**STANDARD OF REVIEW**

The removal statute, found at 28 U.S.C. § 1441(b), provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the

citizenship or residence of the parties."[1]  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."[2]  The Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[3]  A case may "arise under" federal law where (1) the plaintiff's cause of action is created by federal law; (2) "some substantial, disputed question of federal law is a necessary element. . . of the well-pleaded state claim;"or (3) the "claim is really one of federal law."[4]  The federal court must "resolve any ambiguity concerning the scope of removal under § 1446(b) in favor of remand to the state courts."[5]

## ANALYSIS

### I. Motion to Remand

The Court holds that remand is required in this case.  It is undisputed here that a federal question is not presented on the face of Plaintiffs' Amended Complaint.  According to that pleading, Plaintiffs' claims arise under the THRA.  The basis for Defendants' removal in this case is not the pleadings contained in Plaintiffs' Amended Complaint but Plaintiff Goree's deposition testimony that he is seeking recovery of short-term disability benefits as an element of damages owing to

---

[1] 28 U.S.C. § 1441(b).

[2] *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987).

[3] *Id.*; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 9-10 (1983).

[4] *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (citations and quotations omitted).

[5] *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Defendants' alleged acts of race discrimination. Defendants rely on § 1446(b) where the statute permits removal upon "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper" suggesting proper grounds for removal. As Defendants' correctly argue, "a plaintiff's responses to deposition questioning may constitute an 'other paper' under Section 1446(b)."[6] Plaintiffs counter that Goree actually disclosed his claim for lost benefits in a written interrogatory response served in September 2011. It appears to the Court that Goree's testimony addressed or clarified his written discovery responses about the claim for denied benefits, though it is not clear from the excerpts provided which discovery responses Goree is explaining in his testimony or when those discovery responses were served. These circumstances perhaps suggest that Defendants' removal of the action was far outside of § 1446(b)(3)'s 30 day time-limit. The Court need not determine the timeliness of Defendants' Petition for Removal because the Court holds that remand is warranted even if removal was timely.

Based on the deposition testimony of Plaintiff Goree, the Court holds that ERISA does not completely preempt his claim for denied benefits. The Sixth Circuit has held that "a state law claim is removable to the federal courts only if it is completely preempted."[7] In *Wright v. General Motors*, the Sixth Circuit analyzed a plaintiff's demand for life insurance policy benefits under her ERISA plan and concluded that the demand

> properly construed, is simply a reference to specific, ascertainable damages she claims to have suffered as a proximate result of her discriminatory termination. Hers is not a lawsuit claiming wrongful withholding of ERISA covered plan benefits; it is a lawsuit claiming race and sex discrimination and retaliation resulting in damages,

---

[6] *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002).

[7] *Wright v. Gen. Motors Corp.*, 262 F.3d 610, 614 (6th Cir. 2001) (internal quotation marks and brackets omitted).

one component of which is a sum owed under the provision of the GM plan.[8] Therefore, the plaintiff's claim in *Wright* was not removable under § 1441(a).

The Court holds that *Wright* controls in this case. Viewing nothing more than the deposition excerpts in the record, Plaintiff Goree's testimony simply shows that he is seeking recovery for benefits that he alleges were causally related to Defendants' alleged acts of discrimination. According to Goree, "Defendant Harms cancelled [his] insurance benefits and stopped his compensation in January 2011"[9] and Plaintiff believes that the cancellation of his benefits was "one way that Mr. Harms discriminated and retaliated against" him.[10] Moreover, Goree testified that he incurred significant medical expenses "because [his] short term disability benefits were denied as of January 2011."[11] Based on the foregoing, the Court holds that Plaintiff Goree's claim for the value of the lost benefits "is simply a reference to specific, ascertainable damages [he] claims to have suffered as a proximate result of [] discriminatory [retaliation]" and "not a lawsuit claiming wrongful withholding of ERISA covered plan benefits . . . ."[12] As a result, ERISA does not completely preempt Plaintiff Goree's claim for recovery of these damages. Additionally, to the extent that Goree's testimony may be ambiguous, the Court must resolve "any ambiguity concerning the scope

---

[8] *Id.* at 615; *see also Steinman v. Med. Anesthesia Group, P.A.*, No. 08-2624-STA, 2009 WL 1586891, at *4 (W.D. Tenn. June 4, 2009).

[9] Goree Dep. 155:7-24, Feb. 20, 2013 (D.E. # 6-1).

[10] *Id.* at 157:3-16.

[11] *Id.* at 157:17-21.

[12] *Wright*, 262 F.3d at 615.

of removal under § 1446(b) in favor of remand to the state courts."[13]  Therefore, Plaintiff's Motion to Remand is **GRANTED**.

**II. Requests for Attorneys Fees**

Both Plaintiffs and Defendants have made requests for attorneys fees.  Because the Court is remanding this matter to Shelby County Circuit Court, Plaintiffs' request to voluntarily dismiss any federal claim and Defendants' request for fees based on the proposed voluntary dismissal are now moot.  As for Plaintiffs' fee request, Plaintiffs seek an award of attorney fees incurred as a result of Defendants' removal of the case to federal court.  Plaintiffs' straightforward contention is that removal was "improper" under the circumstances of this case.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[14]  The Supreme Court has held that in the absence of unusual circumstances, fee awards are appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal."[15]  Similarly, the Sixth Circuit has found that "an award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove."[16]  The Sixth Circuit has highlighted *Martin*'s analysis of § 1447(c) "to permit removal in appropriate cases, while simultaneously reducing the attractiveness

---

[13] *Brierly*, 184 F.3d at 534.

[14] 28 U.S.C. § 1447(c).

[15] *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

[16] *Id*. at 1059-1060 (citations omitted).

of removal as a method for delaying litigation and imposing costs on the plaintiff."[17] The district courts must consider this "underlying purpose" of the removal statute where a court concludes that removal was not objectively reasonable.[18] "In general, objectively unreasonable removals should result in fee awards to plaintiffs."[19]

The Court holds that Defendant's removal was not objectively unreasonable in this case, and so there is no basis for an award of fees. Defendants removed this case on the grounds that Plaintiff Goree seeks as an element of damages the value of denied medical benefits and that such a claim is completely preempted by ERISA. The Court holds that despite Defendants' efforts to distinguish the case, the Sixth Circuit's reasoning in *Wright* requires remand. Otherwise, the Court cannot say that Defendants did not advance a fairly supportable legal basis for removal. On the other hand, it is not clear to the Court that Defendants filed their Petition for Removal in a timely manner. Plaintiffs contend that Goree actually gave notice of his claim for lost benefits in written discovery responses served in September 2011, more than seventeen months prior to removal. Even so, for reasons already discussed, the record does not clearly establish that Defendants' Petition for Removal was completely time-barred under § 1446(b)(3). Therefore, the Court holds that Defendants' removal of the action was not objectively unreasonable.[20] Therefore, Plaintiffs' request

---

[17] *Id*. at 1060 (quoting *Martin,* 546 U.S. at 140).

[18] *Id*.

[19] *Id*.

[20] For similar reasons, Plaintiffs' request for fees pursuant to 28 U.S.C. § 1927 is also denied. Plaintiffs argue that Defendants' removal was "untimely and vexatious." An attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. The Sixth Circuit has held that the sanction

for fees is **DENIED**.

## CONCLUSION

Plaintiffs' Motion to Remand is **GRANTED**. This matter is hereby remanded to the Circuit Court for Shelby County, Tennessee, for all further proceedings. Plaintiffs' request for attorneys fees related to removal is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 27, 2013.

---

requires "a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Hall v. Liberty Life Assur. Co. of Boston*, 595 F.3d 270, 276 (6th Cir. 2010). That standard is not met in this case.